# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

THOMAS SCOTT EDWARDS,         :
                               :
               Plaintiff,           :        NO. 3:04CV933 (MRK)
                               :
v.                               :
                               :
THERESA LANTZ, et al.,           :
                               :
              Defendants.     :

## RULING AND ORDER

Plaintiff Thomas Scott Edwards brings this civil rights action pro se, pursuant to 28 U.S.C. § 1915. He names as defendants Commissioner of Correction Theresa Lantz, Deputy Commissioner Brian K. Murphy, and Warden David N. Strange in their official capacities only. Mr. Edwards alleges that a new Department of Correction policy has resulted in the denial of extra access to the law library and that he was denied sufficient access to typewriters or word processors. Pending is Defendants' motion to dismiss. For the reasons that follow, Defendants' motion is granted.

## I.  Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Davis v. Monroe County*

*Bd. of Educ.*, 526 U.S. 629, 654 (1999); *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.2002) (quoting *Scheuer*, 416 U.S. at 236). In other words, "the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 176 (2d Cir. 2004) (internal quotation marks omitted). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II.  Facts

For the purposes of deciding this motion, the Court takes as true the following allegations contained in the Complaint [doc. #2].  Mr. Edwards is attempting to appeal his conviction in state court pro se.  On March 25, 2004, the Department of Correction issued a notice to inmates clarifying inmates' right of access to the courts.  The notice informed inmates that the Department of Correction is not obligated to maintain law libraries for inmate use.  Inmates were advised they should seek legal assistance regarding criminal matters from defense counsel or the Public Defender's Office.  Legal assistance regarding civil matters involving conditions of confinement is provided by Inmates' Legal Assistance Program if the inmate presents a prima facie case that his rights have been violated.

2

After the new policy was issued, Mr. Edwards was not allowed "extra access" to the prison law library. *Id.* at 3. In addition, when he was able to use the law library, there were no typewriters or word processors available to type his appeal, as required by the Connecticut Rules of Appellate Procedure. As of May 24, 2004, his appellate brief was past due.

On March 17, 2005, Mr. Edwards was notified of his obligation to respond to Defendants' motion to dismiss. *See* Order of Notice to Pro Se Litigant [doc. #11]. Although Mr. Edwards continues to be confined at the same correctional facility, he has neither responded to the motion nor sought an extension of time within which to respond.

### III.  Discussion

Connecticut funds a public defender program to assist indigent inmates in challenging their convictions. *See* Conn. Gen. Stat. §§ 51-289, et seq. The notice issued by the Department of Correction regarding their change in policy explained that assistance from the Office of the Chief Public Defender was available for criminal appeals and petitions for a writ of habeas corpus.[1] Defendants maintain that the availability of legal assistance satisfies the State's responsibility to provide inmates with access to the courts, and that the State need not provide library facilities for inmates who choose to proceed pro se.

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court affirmed its previous holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 346

---

[1] Mr. Edwards attached a copy of this notice to his complaint.

3

(internal quotation marks omitted).  The Second Circuit has declined to decide "whether the appointment of counsel could adequately protect the right of access to the courts of a defendant who has . . . exercised his Sixth Amendment right to waive counsel and conduct his own defense." *Bourdon v. Loughren*, 386 F.3d 88, 94 n.9 (2d Cir. 2004).[2]  This Court similarly declines to decide the question, because the allegations in the Complaint do not make out a violation of Mr. Edwards's right to prepare his own defense, even if such a right were guaranteed to litigants who decline to accept state-funded assistance of counsel.

First, even if library access were required for inmates who choose to proceed pro se, Mr. Edwards does not claim that he was denied library access.  Instead, he complains of being denied "extra access," which he had previously been allowed before the change in policy.  Mr. Edwards alleges no facts suggesting that the normal schedule during which prisoners are afforded library access is inadequate to meet his litigation needs.  His conclusory allegation that the change in policy has "caused [him] not to be able to finish working on [his] appeal brief," Complaint [doc. #2] at 3, is insufficient to establish a violation of his rights.  *See Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000) ("To survive a motion  to dismiss, [a prisoner's § 1983] claims must be supported by specific and detailed factual allegations, not stated in wholly conclusory terms." (internal quotation marks omitted)).  Therefore, the Court grants Defendants' motion to dismiss with respect to Mr. Edwards's request for extra access to the law library.   However, the

---

[2] Thirteen years earlier, the Second Circuit had held that the right of a prisoner to access the courts does not include the "right to state-financed library resources where state-financed legal assistance is available." *Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981).  Though *Bourdon* does not mention *Spates* directly, the Court assumes for the purposes of this opinion that the Second Circuit intends district courts to treat as an open question whether inmates who have waived the right to counsel must be afforded library access.

Court will give Plaintiff an opportunity to plead additional facts that are responsive to the concerns outlined above.

Second, while Mr. Edwards claims that he is unable to file his appeal due to the lack of typewriters or word processors in the law library, the basis for this allegation is not entirely clear. For instance, even if Mr. Edwards wishes to prepare his own defense, it may be that the public defender program would be available to type his handwritten court submissions or perhaps the appellate court permits waivers of its rule on typewritten papers in view of his prisoner status. In any event, because neither side has discussed Mr. Edwards's claim regarding access to typewriters, the Court is left to speculate about it. Rather than do so, the Court will give both Plaintiff and Defendants 30 days to file a brief addressing Mr. Edwards's claim that his rights have been violated by a lack of typewriters and word processors in the law library.

## IV.  Conclusion

Defendants' motion to dismiss [doc. #10] is **GRANTED IN PART**.  The motion is granted without prejudice with respect to Mr. Edwards's claim regarding the new Department of Correction policy that he claims has resulted in the denial of extra access to the law library.  **If Plaintiff wishes to replead his claim by responding to the concerns expressed in this opinion, he must do so by filing an amended complaint no later than October 31, 2005.**  The Court reserves ruling on Defendants' motion to dismiss [doc. # 10] with respect to Mr. Edwards's claim that his rights were violated due to the alleged lack of typewriters or word processors in the law library.  **Both parties shall file briefs directed to that claim no later than October 31, 2005.  Plaintiff is cautioned that a failure to file an amended complaint or brief, as**

**described above, may result in the complete dismissal of this action.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

Dated at New Haven, Connecticut, September 29, 2005.